BRAINARD *v.* THE MISSISQUOI R. R. CO.*

*Railroad.  `Land Damage.*

A plank road company, pursuant to its charter, located its road through plaintiff's farm, sequestered his land for its use, and paid the land damages therefor. Many years after, defendant's railroad was chartered and constructed over the same route; and by-virtue of its charter, defendant sequestered the plank road company's franchise, and the latter company thereupon became disorganized, and its road was thereby destroyed. *Held*, that defendant, by virtue of its charter, had the same right to take the plank road company's franchise, with all the rights and interests the latter had in and to the land over which the plank road had been constructed, that it had to take the property of any other party, making due compensation therefor, and was not bound to pay plaintiff land damages for the land thus taken.

No different or greater burden being imposed upon plaintiff's land by the railroad than by the plank road, he was *held* not to be entitled to damage on that behalf.

The injury that plaintiff sustained by being deprived of the use of the plank road, was one that he sustained in common with the whole public, and for such injuries damages are not to be allowed; but

*Held*, that for the construction of a private way from his buildings to the public highway, necessitated by the substitution of the railroad for the plank road, plaintiff was entitled to damages.

This case was heard on the report of commissioners appointed to appraise the damages plaintiff claimed to have sustained on account of defendant's having taken his land for the use of its railroad.   The commissioners reported as follows :

The legislature of this state, at its October session, 1849, passed an act incorporating the St. Albans & Richford Plank Road Company.   In pursuance of said act said company was duly organized, and the directors thereof duly located said road across plaintiff's farm in Swanton on the 23d of June, 1851.   Said company sequestered to its use under its charter, by proceedings *in invitum*, two acres and one hundred and forty-nine rods of plaintiff's land, on the 8th day of July, 1851, being a strip four rods wide and about one hundred and seventeen rods in length, cutting off an angular piece of about eleven acres of plaintiff's farm east of said road.   When said land was taken by said company, it became the duty of the plaintiff to build and maintain a fence on either side of said plank road, if he chose to have one.

---

\* Decided at the General Term, October, 1874.

Immediately on taking said land for the use of said company, said company proceeded to construct its road under and by virtue of its charter, and the same was opened for travel within a year or two thereafter. The award of the commissioners giving land damages to the plaintiff against the company, was $203, and the same was duly paid by the company to the plaintiff. Said company exercised the righ s granted it by its charter, and said plank road was used by the public for the purpose for which it was chartered and constructed, until the franchise of said company was taken by the Missisquoi Railroad Company as hereinafter stated.

By an act of the legislature passed at its October session, 1867, the Missisquoi Railroad Company was duly incorporated. Soon after said act of incorporation was passed, a company was duly formed under said charter, and the directors of said company located said railroad through the town of Swanton, and in pursuance of its charter, over and upon the same land through the plaintiff's farm that was previously sequestered to the use of said plank road company as above stated, and by proceedings *in invitum* duly had, appropriated the franchise of said plank road company to its own use in the construction and maintenance of said railroad ; and said railroad company has constructed and is now operating said railroad in pursuance, and under and by virtue, of its said charter, and said plank road company has ceased to exist, and the plank road been entirely destroyed by reason of the sequestration of its franchise by said railroad company, and the construction and operation of said railroad over and upon the same land heretofore occupied by said plank road.

Plaintiff's buildings are located in the westerly portion of his farm, while the plank road formerly crossed, and the railroad now crosses, the easterly portion of the farm. Before the location and construction of the plank road, plaintiff's way from his buildings to the highway was across his farm, to a point where there is now a railroad crossing, thence in a northeasterly direction to the public highway. Plaintiff claimed a right of way off his land in that direction, till the plank road was constructed, and after that he did not use the private way from the crossing to the highway, but used the plank road instead, in getting to and from his farm buildings.

Plaintiff claimed that the plank road company took an easement in his land, and that when that company ceased to have any existence, and the plank road was destroyed, the land reverted to him, freed from the plank-road franchise, and that the railroad company, having taken said land for the construction of its road,

became liable to pay him land damages, irrespective of the acqui-sition of the plank road company's franchise by the railroad com-pany as above set forth; that the railroad company acquired no interest by the taking of the plank road company's franchise as against him.

2d. That in any event, there was a different and greater bur-den imposed upon the land by taking it for the construction and operation of a railroad than for a plank road, and that damage should be awarded to him for that difference.

3d. That by reason of the railroad company's taking said land for the construction and operation of a railroad, the plank road company had been disorganized, its plank road destroyed, and he thereby deprived of the use, benefit, and advantages of said plank road to his farm, and that the loss of said plank road to him was a proper subject of damages to be awarded against the railroad company.

4th. That in any event, he was entitled to recover of the rail-road company such damage as he might incur by reason of the destruction of the plank road as aforesaid, by the destruction of which he was compelled to construct, in part, another private way across his farm to the public highway, and thus impose an expense and burden upon himself greater than that sustained in the maintenance of the private way from his buildings to the now railroad crossing, which he formerly used when the plank road was in existence.

In relation to the first claim made by plaintiff, the railroad company denied that the plank-road franchise ever reverted to plaintiff, and claimed that the plank-road franchise had been absorbed by the railroad company's purchase of the plank-road franchise, and that the railroad company was the owner of all the plank-road franchise, and that damages could not be awarded against the railroad company for anything covered by and included in the former plank-road franchise.

In relation to the second claim made by plaintiff, the commis-sioners do not find that any greater burden is imposed upon plain-tiff by the railroad company than was imposed by the plank road company, taking into account the fact that it was incumbent upon the plaintiff to make and maintain the fences on either side of the plank road, provided the land owner chose to have a fence, and that it was necessary to have such fence to protect the fields, and that plaintiff did have them, while this burden is now imposed upon the railroad company, and therefore award nothing under this claim.

As to the third claim made by plaintiff, the railroad company

insisted that no damages could be allowed against it that were occasioned by the loss of the plank road to the plaintiff; that such damages were too remote to be taken into account by the commissioners, and that the law would not allow the plaintiff to recover such damages by award against the railroad company.

In relation to the fourth claim of plaintiff, the railroad company contended that such damage, if any arose to plaintiff, was consequential damage merely, and too remote for the commissioners to take the same into account in making their award, and was not a legal subject-matter for the action of the commissioners in making up their award; that such damage, if any, arose from the destruction of the plank-road franchise, for which the railroad company was not answerable.

The commissioners found various hypothetical sums as damages, subject to the opinion of the court.

The court, at the September Term, 1873, Franklin County, LEACH, Assistant J., presiding, rendered judgment on the report for the plaintiff for the largest sum found by the commissioners. Exceptions by defendant.

*Edson & Rand, Davis & Adams,* and *Noble & Smith,* for the defendant.

I. The first claim that plaintiff makes should not be sustained. The easement that the plank road company took in his land, was granted by the public, and was exercised and carried into effect for the use and benefit of the public. This easement was not destroyed by the action of the railroad company. The public still have the benefit of its use. It has never ceased or been destroyed. It was only changed in the manner of its use by the public. Hence there could be no reverter of the land to the orignal owner. In case of an easement there are two estates, the dominant estate, to which is attached the easement itself, and the servient estate. These estates are neither of them personal to the owner thereof, but may be conveyed by grant or otherwise. Bouv. Law Dict., Tit. *Easement; Boston Water Co.* v. *Boston & Worcester R. R. Co.* 16 Pick. 512; *Murray et al.* v. *Co. Comrs.* 12 Met. 455. The proceedings of the railroad company by which it took the plank road franchise, were a conveyance of the dominant estate of the latter to the railroad company. Though invol-

untary, it was nevertheless a conveyance by grant. Grant is a generic term, applicable to all transfers of real estate. Bouv. Law Dict. Tit. *Grant.* This estate could not be terminated by granting it. Full value was paid to the plank road company for this dominant estate. To require the railroad company to pay for the land anew, would be to compel them to pay twice for the same thing.

II. As to plaintiff's second claim, the commissioners find that no greater burden is imposed upon his land by the railroad than by the plank road. The finding of this fact disposes of this question, if the commissioners had the right to consider the fact that the burden of fencing was transfered to the railroad company. They had this right, notwithstanding there is no statute conferring it. It is a direct benefit to the land, and personal to the plaintiff, and not a benefit in which the public shared. 2 Dillon Municipal Corp. ss. 487, 488.

III. The loss of the plank road by which plaintiff was deprived of the use and benefit of that road to his farm, is a loss which he sustained in common with the whole community. He is not entitled to compensation therefor. This claim for damages is too remote. *Proprietors of Locks and Canals* v. *Nashua & Lowell R. R. Co.* 10 Cush. 385; *Halman* v. *Townshend*, 13 Met. 297; *White River Turnkpike Co.* v. *Vt. Central R. R Co.* 21 Vt. 590; *Enfield T. Co.* v. *H. & N. R. R. Co.* 17 Conn. 454; 19 Pick. 147.

IV. Plaintiff had no private way from his buildings to the plank road; nor is he compelled by the loss of that road, to construct any private way to a public highway. The means of approach to his buildings is across his own land. A person cannot have a private way across his own land. 1 Redf. Railw. 335. If his buildings are not handy to the highway, it is his fault. He should see to them, and not compel others to pay for the inconvenience he suffers by building, or letting them stand, on a remote part of his farm.

*A. G. Safford* and *H. R. Beardsley*, for the plaintiff.

I.   The plank road company had ceased to exist; and upon the determination of the existence of that corporation, the easement formerly held by it was thereby removed. *Imlay* v. *Union Branch R. R.* 26 Conn. 249; *Williams* v. *Natural Bridge Turnpike Co.* 21 Mo. 580.

A plank road or turnkpike, at least so far as the liability of the extinction of its easement and the reversion of its land upon the dissolution of its corporation, is precisely the same as that of a common highway.   *Commonwealth* v. *Williams*, 16 Pick. 175; *Murry et als.* v. *Comes*, 12 Met. 458; *Waterbury Turnpike Co.* v. —— 26 Conn. 209.

It was beyond the capacity or power of the plank road company to take by proceedings *in invitum* any greater estate or interest in the appellant's land than its necessities required. *Quimby* v. *Vt. Central R. R.* 23 Vt. 387.

The plank road company was organized for the purpose of furnishing a thoroughfare over which persons " could pass and repass with their teams, horses, and carriages," and this is the measure of its necessities, and the limitation of the easement which the company took.

The legislature could not authorize the transfer of the easement acquired by the plank road company to the railroad company. The property was taken from Brainerd, originally, for purposes of a plank road and no other, and by proceedings to which he was an unwilling party, upon the appraisal of commissioners.   In that original estimate of damages and benefits, it was the legal duty of the commissioners to take, and it should be legally and conclusively presumed that they did take, into account the fact that the plank road was to be forever an open highway, upon which ordinary vehicles could be used; this benefit then being annihilated, and a servitude imposed, injurious when the other was beneficial, dangerous when the other was harmless, differs in every conceivable particular from that servitude which the former commissioners made the basis of their appraisal.

By the organic law of the plank road corporation, and in consequence of its inability to longer furnish the owner of the land

with the use of its franchise, as well as by the determination of its corporate existence, the land was cleared and freed from the plank road encumbrance, and the owners succeeded to all the rights in the reality which they had prior to the organization of the plank road company, and the original condemnation of their land to its use. *Williams* v. *Natural Bridge Plank Road Co.*, *supra*; *Williams* v. *N. Y. Central R. R.* 16 N. Y. 97.

II. In relation to the second claim made by the plaintiff, the matter of estimating the burden of maintaining fences was improper. The plank road being a travelled highway, the owners were not obliged to fence its limits. The construction and maintenance of the fences were originally taken into account by the plank road appraisers, and it was then forever determined that the benefit of the plank road was to be a continuing one, and so the burden of the fencing a continuing obligation, if it can be called such. The benfits of the plank road having been taken away from the owner, he was relieved from further maintaining the fence.

Giving the most extended application to the finding of the commissioners upon the second claim made, they find that the construction and operation of the railroad did impose an additional servitude directly upon the enclosed land, and that the amount of that servitude equalled the money value of the fences. This was a taking of land, real estate, or property within the statute. *Williams* v. *N. Y. Central R. R.*, *supra*.

If any portion of the land is taken, then the commissioners are to assess consequential damages. *Hatch* v. *Vt. Central R. R. Co.* 25 Vt. 49; *Imlay* v. *Union Railroad, supra; Mahan* v. *The Utica & Schenectady R. R. Co.*, Hill & Denio (N. Y.) 156.

The opinion of the court was delivered by

. PIERPOINT, Ch. J. No question arises in this case as to the right of the defendant company, under its charter, to locate its railroad upon and over the plank road; nor as to the manner in which the defendant company exercised that right. By laying its road upon and over the plank road, the company took all the

rights and interest that the plank road company had in and to the land and territory upon which said plank road was laid. The plaintiff claims that when the railroad company located its road over the plank road, which crossed his premises, the rights of the plank road were thereby annihilated, and that the land upon which it was located, reverted to him as the adjoining land-owner, and from whom it was originally taken for the purposes of said plank road, and that when taken by the railroad company for its purposes, the railroad company was liable to pay him for the land taken, the same as if no plank road had previously existed there. This claim we think is not well founded. The railroad company, by virtue of its charter, had the same right to take the franchise of the plank road company, together with all the rights and interests that said plank road company had in and to the land over which the road had been constructed, that said railroad company had to take the property of any other party, making due compensation therefor. This principle is fully recognized and established in this state, in the case of *White River Turnpike Co.* v. *Vt. Central R. R. Co.* 21 Vt. 590. This being so, it is clear that when the railroad company regularly located its road over the plank road, it became invested with all the rights that the plank road company had in the premises over which it run ; and the plank road company having paid the plaintiff for the rights that they had acquired therein, the railroad company is under no obligation, either legal or equitable, to pay the plaintiff therefor a second time.

The plaintiff claims in the second place, that there was a different and greater burden imposed upon the land by taking it for a railroad than for a plank road, whereby he is injured. The commissioners in their report have disposed of this claim by finding that there was no greater burden imposed by the railroad than was imposed by the plank road, and gave a very satisfactory reason why.

The plaintiff claims, thirdly, that he was injured by being deprived of the use of the plank road, and that he was entitled to compensation for such injury. The injury that the plaintiff sustained by the loss of the use of the plank road, is one that he

sustains in common with the whole public. Every person who was accommodated by the use of the plank road, sustains an injury of the same character and kind, differing only in degree, whether he lives upon the line of the road or elsewhere. The same injury would result from the abandonment of the road, or from its destruction from any cause. All the authorities agree that for such injuries, damages are not to be allowed. *Holman* v. *Townsend,* 13 Met. 297 ; *Stetson* v. *Faxon,* 19 Pick. 147.

In the fourth place, the plaintiff claims that in consequence of the destruction of the plank road and the substitution of a railroad, he has been compelled to construct a private road from his buildings to the public highway, and that the railroad company should compensate him therefor. The injury which the plaintiff claims to recover for under this head, is one that is not common to the public generally, but one that is peculiar to himself, and one that results necessarily from the substitution of the railroad in place of the plank road. It is, in substance and effect, an additional burden imposed by the railroad company upon his land ; and when that is the case, it is conceded that compensation must be made. We think the plaintiff is entitled to recover the sum of $125 which the commissioners have found to be the amount of damage which the plaintiff has sustained in this respect.

Judgment of the County Court reversed, and judgment rendered for the plaintiff for the sum of $125, with interest from the term of court to which the report was made, and his cost.